IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL LEONARD TUCKER, SR., | ) | |
| AIS # 307085, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-CV-633-WKW |
| | ) | [WO] |
| WARDEN CROW, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Michael Leonard Tucker, Sr., an inmate proceeding *pro se*, initiated this action by filing a 42 U.S.C. § 1983 complaint (Doc. # 1), an application for leave to proceed *in forma pauperis* (Doc. # 2), and his prisoner trust fund account statement (Doc. # 3). Based on the financial information submitted by Plaintiff in this case, an initial partial filing fee of $22.70 was assessed on September 1, 2026. (Doc. # 7 ("September 1 Mem. Op. & Order") at 4.) The September 1 Mem. Op. & Order set a deadline of September 15, 2026, for Plaintiff to pay the initial partial filing fee in his member case and expressly cautioned that his failure to do so would result in dismissal of this action. (*Id.* at 4, 7.)

The deadline has passed, and Plaintiff has not paid the initial partial filing fee as directed. Consequently, this action is due to be dismissed without prejudice. A district court "may dismiss a case under its inherent authority, which it possesses

as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up), *cert. denied*, --- S. Ct. ----, 2026 WL 1203391 (May 4, 2026). However, the Eleventh Circuit has instructed that before dismissing an action for a prisoner's failure to pay a court-ordered initial partial filing fee, the district court must take reasonable steps to determine whether the prisoner attempted to comply with the order, such as by authorizing payment by prison officials. *See Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002) (per curiam). Giving Plaintiff a reasonable opportunity to respond to a show-cause order satisfies this requirement. *See id.* at 1321.

Based on the foregoing, it is ORDERED that Plaintiff shall show cause, if there be any, on or before **October 5, 2026**, why this action should not be dismissed without prejudice for his failure to pay the $22.70 initial partial filing fee as directed.

It is Plaintiff's responsibility to submit the appropriate paperwork to the prison account clerk for transmission of funds to the court for payment of the initial partial filing fee. To aid Plaintiff and those persons having custody of Plaintiff in complying with this Order, the Clerk of Court is DIRECTED to furnish a copy of this Memorandum Opinion and Order to the inmate account clerk at the facility where Plaintiff is detained. The account clerk is advised that no funds may be taken from

Plaintiff's account for payment of the initial partial filing fee without permission of Plaintiff either by his request for the payment or his written agreement to pay the fee.

If funds have been dispersed from Plaintiff's account in the time since his initial partial filing fee was assessed, and the funds are no longer available to him, Plaintiff must arrange for payment of the fee upon receipt of additional funds in his account. If Plaintiff is unable to pay the initial partial filing fee, he must inform the court and request an extension of time to pay the fee.

Plaintiff is CAUTIONED that his failure to comply with any provision of this Order will, without further notice, result in the dismissal for failure to prosecute and comply with an order of the court.

DONE this 21st day of September, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE