IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL LEONARD TUCKER, SR., AIS # 307085, | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:26-CV-633-WKW |
| WARDEN CROW, *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff Michael Leonard Tucker, Sr.'s motion for an extension of the deadline to pay his initial partial filing fee. (Doc. # 13.) For the reasons to follow, the motion will be granted.

## A. Background

On August 3, 2026, the court received and docketed a 42 U.S.C. § 1983 complaint filed by Plaintiff, an inmate proceeding *pro se*.[1] (Doc. # 1.) Along with his complaint, Plaintiff filed an application for leave to proceed *in forma pauperis* (Doc. # 2) and his prisoner trust fund account statement (Doc. # 3). Based on the financial information submitted by Plaintiff, an initial partial filing fee of $22.70 was

[1] That same date, the court received and docketed another 42 U.S.C. § 1983 complaint filed by Plaintiff. *See Tucker v. Nolan et al.*, No. 2:26-cv-632-WKW-CWB (M.D. Ala. docketed Aug. 3, 2026). By Order dated August 5, 2026, this case and 26cv632 were consolidated. (Doc. # 6.) On September 21, 2026, the consolidation Order was vacated, and Plaintiff's cases were severed. (Doc. # 8.)

assessed on September 1, 2026. (Doc. # 7 ("September 1 Mem. Op. & Order") at 4.) The September 1 Mem. Op. & Order set a deadline of September 15, 2026, for Plaintiff to pay the initial partial filing fee and expressly cautioned that failure to do so would result in dismissal of this action. (Doc. # 7 at 4, 7.)

The deadline imposed by the September 1 Mem. Op. & Order passed, and Plaintiff did not pay the initial partial filing fee as directed. In an Order issued on September 21, 2026, Plaintiff was instructed to show cause why this action should not be dismissed for his failure to pay the initial partial filing fee. (Doc. # 9 ("September 21 Order") at 2.) The September 21 Order set a deadline of October 5, 2026, and warned Plaintiff that his failure to comply would result in dismissal. (Doc. # 9 at 2, 3.) Because Plaintiff did not pay his initial partial filing fee or show cause for his failure to do so, this action was dismissed without prejudice on October 15, 2026. (Doc. # 10.) Final judgment was entered that same date. (Doc. # 11.)

### B. Plaintiff's Motion for an Extension of the Deadline to Pay His Initial Partial Filing Fee

On November 12, 2026, the court received and docketed Plaintiff's motion for an extension of the deadline to pay his initial partial filing fee. (Doc. # 13.) Plaintiff dated his motion September 28, 2026. (Doc. # 13.) Giving Plaintiff the benefit of the prison mailbox rule,[2] his motion is deemed filed on September 28,

[2] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th

2026. Because Plaintiff's motion is deemed filed prior to the show-cause deadline of October 5, 2026, the motion will be granted.

## C. <u>Conclusion</u>

Based on the foregoing, it is ORDERED that the Order dismissing this case without prejudice (Doc. # 10) and the final judgment (Doc. # 11) entered on October 15, 2026, are VACATED.

It is further ORDERED that Plaintiff's motion for an extension of the deadline to pay his initial partial filing fee (Doc. # 13) is GRANTED. The deadline for Plaintiff to pay the $22.70 initial partial filing fee,[3] in compliance with the September 1 Mem. Op. & Order (Doc. # 7), is EXTENDED to and including **November 30, 2026**.

It is Plaintiff's responsibility to submit the appropriate paperwork to the prison account clerk for transmission of funds to the court for payment of the initial partial filing fee. To aid Plaintiff and those persons having custody of Plaintiff in complying with this Order, the Clerk of Court is DIRECTED to furnish a copy of

---

Cir. 2009). Absent evidence to the contrary, the court "assume[s] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (per curiam).

[3] Although an initial partial filing fee was paid in Plaintiff's other case, *see Tucker*, No. 2:26-cv-632-WKW-CWB (M.D. Ala. Nov. 9, 2026), ECF No. 11, payment of the fee in that case does not alleviate Plaintiff's responsibility to pay an initial partial filing fee in this case. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016) ("It is undisputed that the initial partial filing fee is to be assessed on a per-case basis, *i.e.*, each time a prisoner files a lawsuit.").

this Memorandum Opinion and Order to the inmate account clerk at the facility where Plaintiff is detained. The account clerk is advised that no funds may be taken from Plaintiff's account for payment of the initial partial filing fee without permission of Plaintiff either by his request for the payment or his written agreement to pay the fee.

If funds have been dispersed from Plaintiff's account in the time since his initial partial filing fee was assessed, and the funds are no longer available to him, Plaintiff must arrange for payment of the fee upon receipt of additional funds in his account. If Plaintiff is unable to pay the initial partial filing fee, he must inform the court and request an extension of time to pay the fee before expiration of the imposed deadline.

Plaintiff is CAUTIONED that his failure to comply with any provision of this Memorandum Opinion and Order will, without further notice, result in the dismissal for failure to prosecute and comply with an order of the court.

DONE this 17th day of November, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE